UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL HAYNES,

        Plaintiff,

vs.   Case No. 3:06-cv-310-J-32TEM

FLORIDA STATE PRISON,

        Defendant.

### ORDER OF DISMISSAL WITHOUT PREJUDICE[1]

Plaintiff, an inmate incarcerated at Florida State Prison who is proceeding pro se, initiated this case by filing an untitled pleading (Doc. #1) (hereinafter Complaint). Although his allegations are somewhat unclear, it appears that Plaintiff is contending that on March 24, 2006, he completed summons forms for a case that is pending in state court. However, the officials at his institution refused to notarize these forms, did not permit him to use a stapler and refused to mail the completed forms. Plaintiff requests this Court "to enter an order directing Florida State Prison to provide [him] proper legal assistance under case no. 04-09CF and to stop them from interfering with improper legal assistance." Complaint at 1. He also asks the Court "to send

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

notary and authorized of signature [sic] and mailing to [his] location[.]"  Id.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile."  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (citing Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998)).  "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement."  Alexander, 159 F.3d at 1325; see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures).  Thus, a district court must dismiss the suit when it finds that the plaintiff inmate has not exhausted his administrative remedies. Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004) (citation omitted).

The Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must file an informal grievance. See Chapter 33-103.005 of the Florida Administrative Code (hereinafter F.A.C.). If the issue is not resolved, the inmate must then file a formal grievance at the institutional level. See Chapter 33-103.006, F.A.C. If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. See Chapter 33-103.007, F.A.C.

Here, Plaintiff's allegations pertain to events that allegedly occurred on March 24, 2006. The record reflects that he handed his Complaint to prison authorities for mailing to this Court on March 28, 2006. Thus, it is clear that Plaintiff did not have sufficient time to complete the three-step grievance procedure with respect to his claims before he initiated this action. Plaintiff's case should not have been filed without first exhausting his available administrative remedies. For this reason, his case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice.

2. The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

3. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects

to refile his claims in a separate action after he has fully exhausted his administrative remedies, he may complete and submit these forms.  Plaintiff should not place this case number on the forms.  The Clerk will assign a separate case number if Plaintiff elects to refile his claims.  In refiling, Plaintiff shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if Plaintiff desires to proceed as a pauper) **or** pay the $250.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

    4.   The Clerk of the Court shall close this case

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of April, 2006.

                                      TIMOTHY J. CORRIGAN
                                      United States District Judge

ps 4/5
c:
Michael Haynes